FILED

## IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

2013 AUG -9 PM 3: 30

HOWARD G. HOGAN

| | |
|---|---|
| NICK VLAHAKIS, | ) |
| Plaintiff, | ) |
| | ) No. 185828-1 |
| v. | ) |
| | ) |
| PEPSI-COLA METROPOLITAN | ) |
| BOTTLING COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

### SUMMONS

TO:  Pepsi-Cola Metropolitan
Bottling Company, Inc.
C/O C.T. Corporations System
800 S. Gay Street, Suite 2021
Knoxville, TN 37929-9710

You are hereby summoned to defend a civil action filed against you in Chancery Court, Knox County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued and tested this 9th day of August, 2013.

_Howard B. Hogan_
CLERK/DEPUTY CLERK

Attorney for Plaintiff:

Loring Justice
Loring Justice, PLLC
11911 Kingston Pike, Suite 201
Knoxville, TN 37934

ATTEST:
Certified a True Copy

_Howard B. Hogan_
Clerk and Master Chancery Court

By _Jen Carmon_
Deputy Clerk

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

EXHIBIT 1

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____        _____
                                                    Clerk / Deputy Clerk

## SERVICE INFORMATION

To the process server: The Defendant can be served at the address shown above.

## RETURN

I received this summons on the ____ day of _____, 2013.

I hereby certify and return that on the ____ day of _____, 2013 that I:

[ ] served this summons and Complaint in the following manner:
_____
_____

[ ] failed to serve this summons within 90 days after its issuance because:
_____
_____

_____
PROCESS SERVER

# IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| NICK VLAHAKIS, | ) 2013 AUG -9 PM 3: 29 |
| Plaintiff, | ) HOWARD G. HOGAN |
| | ) No. 185828-1 |
| v. | ) |
| PEPSI-COLA METROPOLITAN BOTTLING COMPANY, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, Nick Vlahakis, by and through counsel, and states as his cause of action against Defendant, Pepsi-Cola Metropolitan Bottling Company, Inc., as follows:

1. Plaintiff is a resident of Knox County, Tennessee, residing at 7808 North Forest Road, Knoxville, TN 37909.

2. Defendant is a foreign corporation authorized to and doing business in Tennessee. Defendant may be served with process through its registered agent CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN.37929-9710.

3. Defendant is in the business of bottling and distributing beverages. Defendant maintains an office at 350 Middlebrook Pike, Knoxville, Tennessee 37902, within Knox County, Tennessee.

4. Venue is proper in Knox County since substantial events giving rise to this case occurred within Knox County, Tennessee.

5. On October 18, 2010, Defendant hired Plaintiff to work as a delivery route truck driver and laborer in an at-will employment relationship. At all times relevant to

this case, Plaintiff was assigned all tasks by Defendant. Plaintiff would receive his assignments upon reporting to work on certain dates.

6. On or about August 1, 2011, while working making a delivery and pulling beverages from his truck, Plaintiff fell backward, falling landing on and injuring his ankle.

7. After Plaintiff filed a claim and pursued medical and other benefits under Tennessee Workers' Compensation Law, Plaintiff was subjected to intolerable work conditions and constructively discharged from his employment with the Defendant.

15. In Tennessee it is a violation of public policy for an employer to discharge an employee in retaliation for the employee being injured on the job or for seeking or claiming medical and/or disability benefits through workers' compensation.

16. It is the public policy of Tennessee that employees injured within the course and scope of their employment are entitled by right to file a workers' compensation claim.

17. Plaintiff's right to file a claim for workers' compensation and his reporting of his injuries to his employer and his pursuit of medical and other benefits under the workers' compensation law of Tennessee was a right established under state statute and protected by Tennessee law.

18. Plaintiff's on-the-job injuries and pursuit of medical and other benefits were a substantial factor, and also the sole cause, of Defendant's constructive termination of Plaintiff from employment.

2

19. As a direct and proximate result of Defendant's conduct, Plaintiff was constructively and wrongfully discharged from his employment in violation of public policy.

20. The actions, inactions, and statements of Defendant's employees alleged in this Complaint were made within the course and scope of Defendant's employees' employment with Defendant.

21. At all times relevant to this case, the actions and statements made by Defendant's employees concerning the Plaintiff were made with actual, implied, and apparent authority and the actual, implied, or apparent approval of Defendant.

22. At all times relevant to this case, Defendant ratified any and all decisions of Defendant's employees concerning Plaintiff and his employment with Defendant.

23. At all times relevant to this case, Defendant was and is vicariously liable for the statements, actions, and inactions of its employees.

24. At all times relevant to this case, any actions taken by Defendant's agents and employees with regard to Plaintiff were performed within the course and scope of their employment or agency with Defendant.

25. At all times relevant to this case, Defendant's agents and employees had actual, apparent, or implied authority to act on behalf of Defendant.

26. Defendant's conduct constructively terminating Plaintiff's employment was intentional, reckless, malicious, and/or fraudulent in such quantum that Defendant should be punished by the imposition of punitive damages.

3

27. As an actual and proximate result of Defendant's constructive termination of Plaintiff, Plaintiff has suffered lost wages, and will continue to suffer lost wages into the future.

28. As an actual and proximate result of Defendant's constructive termination and continued conduct, Plaintiff has suffered mental anguish, distress, fear, anxiety, humiliation, grief, shame, and worry, and will continue to suffer these damages into the future.

29. Based on the circumstances of this case and the actual and proximate result of Defendant's conduct, Plaintiff is entitled to reinstatement of employment with back-pay with reinstatement of any and all employment benefits restored which Plaintiff had at the time of his termination, as well as restoration of any and all other employment benefits to which Plaintiff would have inured had he not been constructively terminated by Defendant.

30. Plaintiff asserts that Defendant should be enjoined from engaging in such further conduct that continues the harm imposed on Plaintiff as alleged in the Complaint.

31. Plaintiff asserts that due to the nature of Defendant's obligations and conduct, and due to the circumstances of this case, that Defendant is hereby liable to the Plaintiff for prejudgment interest on any amount of compensatory damages awarded at the statutory rate and/or as otherwise provided by law.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for no less than $850,000.00 for general relief, prejudgment interest, equitable relief, that he be awarded compensatory damages in an amount to be determined by law, and that he be

4

awarded punitive damages in an amount to be determined by law, as well as such other relief as the court finds the Plaintiff entitled.

Respectfully submitted, this the 9th day of August, 2013.

LORING JUSTICE, PLLC

Loring E. Justice BPR # 019446
B. Chadwick Rickman # 017534
Attorneys for Plaintiff
11911 Kingston Pike, Suite 201
Knoxville, TN 37934
(865) 584-8620

## COST BOND

I am the surety for he costs of this cause in accordance with T.C.A. §20-12-120.

Loring E. Justice, Esq.

5